IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

December 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

JOHN R. WHALEN,

      Plaintiff-Appellant,

v.

REUBEN ROBERTS and wife,
JO E. ROBERTS,

      Defendants-Appellees.

) C/A NO. 03A01-9706-CV-00246
)
) MORGAN CIRCUIT
)
) HON. RUSSELL SIMMONS,
) JUDGE
)
) AFFIRMED
) AND
) REMANDED

JAMES FRANK WILSON, WILSON & BROOKS, Wartburg, for Plaintiff-Appellant.

GEORGE H. BUXTON, III, BUXTON LAW OFFICE, Oak Ridge, for Defendants-Appellees.

**O P I N I O N**

Franks, J.

In this action for damages for personal injuries sustained by the plaintiff on defendants' premises, the Trial Judge granted defendants' motion to dismiss pursuant to T.R.C.P. 12.02(6), and plaintiff has appealed.

In the complaint, plaintiff alleged that defendants had damaged the door of their garage by striking it with their vehicle, and called plaintiff, who was a relative, to repair the door. Plaintiff came to defendants' premises "and was attempting to repair the door, when part of the garage door broke loose, striking plaintiff across the face", causing serious bodily injury.

In sustaining the motion to dismiss, the Trial Judge said as a matter of law that defendants had discharged any duties they owed to plaintiff as owners of the premises, "regardless of whether he was either compensated or served gratuitously, while on the premises to undertake repairs".

It has long been held that the owners or occupiers of premises owe a duty to invitees to maintain their premises in a reasonably safe condition, and to warn the invitee of any dangerous condition on the premises. But there is an exception to the rule where the invitee is a repairman who has been called to the premises to make repair. *Shell Oil Co. V. Banks*, 330 S.W.2d 569 (Tenn. App. 1959). The Supreme Court in *Blair v. Campbell*, 924 S.W.2d 75 (Tenn. 1996), reaffirmed the rule in *Banks*, and quoted with approval:

> An exception to the general rule is recognized where the risks arise from, or are intimately connected with, defects of the premises or of machinery or appliances located thereon which the contractor has undertaken to repair. As to contracts for such repair work, it is reasoned that the contract is sufficient in itself to impart notice of a defect, the extent of which the repairman must discover for himself. This is merely to say that one assumes the risk of a known danger or of an undertaking which is inherently dangerous. *Blair*, p. 77.

The Trial Court relied on *Blair*, in dismissing the case.

Plaintiff further argues that he should have been allowed to amend his complaint after the Trial Judge entered the judgment dismissing this case. As we understand plaintiff's purported amendment, he sought to aver that he had no particular expertise as a repairman, and was not generally engaged in the repair business. We do not reach the issue of whether plaintiff should have been allowed to amend, because the plaintiff would have been entitled to prove the facts he seeks to show by the amendment under the wording of the original complaint. The exception in *Blair*, does not depend upon the expertise of the repairman or lack thereof. Rather, as *Blair* notes, the contract itself is sufficient to impart notice of the defective condition to the invitee.

2

For the foregoing reasons we affirm the judgment of the Trial Court and remand at appellant's cost.

_____

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Hon. William H. Inman, J.